UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

GLYNNIS GAY

    Plaintiff,

v.

PARENT-CHILD CENTER, INC.
d/b/a COMMUNITY PARTNERS OF SOUTH FLORIDA,
and HOUSING PARTNERSHIP, INC. d/b/a COMMUNITY
PARTNERS OF SOUTH FLORIDA

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GLYNNIS GAY, by and through her undersigned counsel, sues the Defendants, PARENT-CHILD CENTER, INC. d/b/a COMMUNITY PARTNERS OF SOUTH FLORIDA and HOUSING PARTNERSHIP, INC. d/b/a COMMUNITY PARTNERS OF SOUTH FLORIDA, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and to remedy violations of the rights of GLYNNIS GAY under the Florida Private Sector Whistleblower Act, Fla. Stat. § 448.102 and for damages based on FMLA interference and retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, et seq., by the Defendants, PARENT-CHILD CENTER, INC. d/b/a COMMUNITY PARTNERS OF SOUTH FLORIDA and HOUSE PARTNERSHIPS, INC. d/b/a COMMUNITY PARTNERS OF SOUTH FLORIDA ("Defendants").

2. The unlawful acts which gave rise to this Complaint occurred within Palm Beach County, Florida during the Plaintiff's employment with Defendants, making venue proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

4. At all times material hereto, Plaintiff was an individual, who had rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, and, as such, Plaintiff is a member of a protected class, because the terms, conditions, and privileges of her employment were altered because of her request for FMLA leave.

5. As an individual with first amendment rights, Plaintiff is a member of a protected class under the Florida Private Sector Whistleblower Act, Fla. Stat. § 448.102 because the terms, conditions, and privileges of her employment were altered because Plaintiff voiced her objection to the illegal activities committed by the Defendants.

6. The private sector Whistleblower's Act, Fla. Stat. § 448.102 provides that an employer may not take any retaliatory personnel action against an employee because the employee has: (1) disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation; (2) provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer; (3) objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation. § 448.102, Fla. Stat.

7. Defendants are not a government agency. At all times material hereto, Defendants was Plaintiff's employer as defined by law.

8. Defendants have, at all times material hereto, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

9. At all times material hereto, Defendants was a covered employer within the meaning and contemplation of the FMLA, 29 U.S.C. §2611(4)(A), in that they employed more than 50 employees within a 75 mile radius in each calendar year.

10. Plaintiff was qualified for FMLA leave in that she had worked more than 1250 hours for Defendants in a twelve (12) month period immediately preceding her application for FMLA leave.

11. Plaintiff has performed all conditions precedent to filing this action, or the conditions precedent have been otherwise waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

12. Defendants hired Plaintiff as the Bridges Initiative Director on July 9, 2018. In October 2019, the Defendants advised the Plaintiff that Defendants were eliminating her position and Defendants terminated Plaintiff effective December 6, 2019.

13. As Bridges Initiative Director, Plaintiff's primary duties and responsibilities included running the Bridges program, supervising employees, managing the budget, negotiating contracts, and attending meetings.

14. Plaintiff was qualified for her position as Bridges Initiative Director based on her experience and/or she had all necessary training to perform her job duties and responsibilities.

15. Barely six months into her role, the Plaintiff became aware of the Defendants failure and refusal to compensate employees for overtime pay in violation of the Fair Labor Standards Act. The Plaintiff advised the Defendants Directors of the illegality of this conduct and objected on several occasions. Despite the Plaintiff's notice and objections, Defendants continued this illegal conduct, even going so far as to engage in fraudulent conduct in billing employee overtime hours to subcontractors. The Plaintiff objected to this fraudulent billing practice.

16. The Defendants unlawful refusal to pay overtime wages was not the only unlawful and fraudulent activity objected to by the Plaintiff. In the fall of 2018, the Plaintiff learned that the vans assigned to the program she oversaw were not being utilized for that program. Instead, the vans were being used for another program. Since the Plaintiff's program was not using the vans, the Plaintiff notified Ms. Brown that the program she oversaw should not pay for the vans given that they were not being used for that program. Ms. Brown responded that these vans were in fact being used by the Plaintiff's program. The van logs confirmed that the vans were being used exclusively by the other program.

17. The Plaintiff again objected to the usage of the vans in January 2019. The Plaintiff objected to billing her program for the vans because doing so constituted fraud on the funder of the Plaintiff's program, Children's Services Counsel ("CSC"). Ms. Brown claimed that CSC knew about the utilization of CSC's funds in this manner and dismissed the Plaintiff's concerns and objections. The Plaintiff objected to this conduct on February 13, 2019, March 4, 2019, April 1, 2019, and April 29, 2019, and each time Ms. Brown responded that there was not an issue because the Defendants had been doing this for years.

18. In March 2019, CSC's auditors began making inquiries regarding the use of the vans, including asking for the logbooks. Ms. Brown told the Plaintiff to provide general answers

to the auditors' questions, but Plaintiff objected to this conduct. The Defendants misrepresented to the auditors that no one used the vans.

19. In late spring of 2019, Ms. Brown and the Plaintiff worked on the budget for the program for the following fiscal year. The Plaintiff objected to paying insurance for vans not used by her program, but Ms. Brown refused to remove the insurance payments from the budget. The Defendants continued their illegal and unethical actions.

20. Also, in April 2019, the Plaintiff's father became extremely ill. Around July 2019, the Plaintiff applied for intermittent FMLA leave and was approved. Despite the approval, Ms. Brown told Plaintiff that the intermittent FMLA leave was "not going to work for [her]" and regularly discouraged Plaintiff from using the FMLA leave. When the Plaintiff needed days off to care for her father pursuant to her FMLA leave, Ms. Brown told Plaintiff not to code the day as "FMLA." The Plaintiff tried several times to discuss with Ms. Brown her right to use her approved FMLA leave, but Ms. Brown disengaged from any conversation or responded with, "your Directors won't be happy."

21. After a few months of trying to use her FMLA without success, in September 2019, the Plaintiff sent an email to Ms. Brown stating that starting in November she would need to use one day of FMLA per week. Ms. Brown never responded to this email. Despite having been approved for intermittent FMLA leave, the Defendants did not allow her to use even one day of FMLA leave. Several people including Ms. Shaundelyn Emmerson, Senior Program Officer with Children's Services Council, and Laura, Director of Human Resources, were aware that the Plaintiff was not allowed to use her approved intermittent FMLA leave.

22. In early October of 2019, the Defendants promoted Ms. Brown and as a result she no longer had final approval over the budgets for the Plaintiff's program. The Plaintiff notified Ms. Brown that she would stop supplementing other programs with money from her programs.

23. Thereafter, Defendants visited three of the Plaintiff's program's sites to talk to her staff. Upon their return, Defendants claimed that Plaintiff's staff felt her position was no longer necessary.

24. In late October, based on the purported statements from staff that Plaintiff's position was not necessary, the Defendants notified the Plaintiff that they were eliminating her position..

25. Plaintiff contacted CSC to discuss the elimination of her position. CSC was shocked to learn about the elimination of the position because CSC created and funded the position and was very happy with the Plaintiff in the role. CSC contacted Defendants to demand that no decision be made regarding the elimination of Plaintiff's position without consultation with CSC.

26. The Plaintiff also looked into the alleged statements from staff that her position was no longer necessary. Unsurprisingly, Plaintiff learned that the staff never made these statements.

27. Despite CSC's clear direction, Laura Rosenkrantz, Director of Human Resources, told the Plaintiff that the Defendants were moving forward with eliminating her position and her employment would terminate effective December 6, 2019.

28. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendants pursuant to statute.

## COUNT I: FMLA INTERFERENCE

29. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff had the right to request intermittent FMLA leave in July 2019 in order to care for her father.

31. The Plaintiff qualified for FMLA leave, and despite Defendant approving the intermittent FMLA leave, Defendants interfered with Plaintiff's right to take FMLA leave by never actually allowing her to take the time off for which she was approved under FMLA.

32. When Defendants did not allow the Plaintiff to use FMLA leave, they interfered with Plaintiff's right to the requested leave, or its equivalent, and thus violated the FMLA.

33. Throughout the Plaintiff's employment, the Defendants did not allow her to use even one day of FMLA leave.

34. As a direct result of the Defendants denial of Plaintiff's right to use FMLA leave, she has suffered, and will continue to suffer, a loss of wages, employment benefits, and other compensation denied or lost to her by reason of Defendants violation. Defendants conduct was not done in good faith, and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages, employment benefits, and other compensation.

35. Plaintiff is entitled to an award of her reasonable attorney's fees and costs incurred in this action pursuant to 29 U.S.C. §2617(a)(3).

WHEREFORE, Plaintiff hereby requests judgment in her favor and against Defendants for (a) damages for lost wages, employment benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants violation of the FMLA, plus interest on such sum, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and (ii); (b) liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii); (c) equitable relief as this Court deems appropriate pursuant to 29 U.S.C. § 2617(a)(1)(B); (d) Plaintiff's costs, expert witness fees, and attorney's fees pursuant to 29 U.S.C. § 2617(a)(3); and (e) such other and further relief as this Court deems just and proper.

## COUNT II: FMLA RETALIATION

36. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 28 as if fully set forth herein

37. Plaintiff had the right to request intermittent FMLA leave in July 2019 in order to care for her father.

38. The Plaintiff qualified for FMLA leave.

39. Despite Defendants approving Plaintiff's intermittent FMLA leave, Defendants denied her right to take the requested leave, and when Plaintiff attempted to assert her right to take FMLA leave, Defendants terminated Plaintiff in retaliation.

40. Plaintiff's termination constituted an adverse employment action.

41. Plaintiff's action in requesting her FMLA leave was "protected activity" under the FMLA.

42. Plaintiff's request for FMLA leave was, at a minimum, a motivating factor in Defendants decision to terminate Plaintiff's employment.

43. Defendants purported reason(s), if any, for terminating Plaintiff's employment are pretextual.

44. As a direct result of her termination, Plaintiff has suffered, and will continue to suffer a loss of wages, employment benefits, and other compensation denied or lost to her by reason of Defendants violation. Defendants conduct was not done in good faith, and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages salary, employment benefits, and other compensation.

45. Plaintiff is entitled to an award of her reasonable attorney's fees and costs incurred in this action pursuant to 29 U.S.C. §2617(a)(3).

WHEREFORE, Plaintiff, hereby requests judgment in her favor and against Defendants for (a) damages for lost wages, employment benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants violation of the FMLA, plus interest on such sum, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and (ii); (b) liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii); (c) equitable relief as this Court deems appropriate pursuant to 29 U.S.C. § 2617(a)(1)(B); (d) Plaintiff's costs, expert witness fees, and attorney's fees, pursuant to 29 U.S.C. § 2617(a)(3); € and such other and further relief as this Court deems just and proper.

## COUNT III: VIOLATION OF THE FLORIDA
## PRIVATE SECTOR WHISTLEBLOWER ACT

46. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

47. The private sector Whistleblower's Act, Fla. Stat. §448.102, provides that an employer may not take any retaliatory personnel action against an employee because the employee has: (1) disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation; (2) provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer; (3) objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation. § 448.102, Fla. Stat.

48. Plaintiff objected to the illegal activities committed by the Defendants.

49. At all relevant and material times, Defendants failed to comply with the Private Sector Whistleblower's Act, Fla. Stat. § 448.102.

50. At all times relevant, including at the time of the unlawful termination, Defendants were aware that Plaintiff had objected to the illegal activities committed by the Defendants.

51. At the time of the unlawful termination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendants.

52. Plaintiff was highly qualified for the position and Defendants only terminated Plaintiff in retaliation for her objection to, and refusal to participate in, the illegal activities committed by the Defendants.

53. Defendants are sophisticated employers who have knowledge of the Florida Private Sector Whistleblower Act, Fla. Stat. § 448.102.

54. The failure of Defendants to adhere to the mandates of the Florida Private Sector Whistleblower Act, Fla. Stat. § 448.102 was willful.

55. Defendants, through their practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's protected rights through the State of Florida, retaliated against Plaintiff on account of her objecting to, and refusing to participate in, the illegal activities committed by the Defendants in violation of the Florida Private Sector Whistleblower Act, Fla. Stat. § 448.102 with respect to their decision to terminate the Plaintiff.

56. Plaintiff's termination from employment was directly and proximately caused by Defendants retaliating against the Plaintiff for objecting to, and refusing to participate in, the illegal activities committed by the Defendants.

57. Any allegedly nonretaliatory reason for the termination of Plaintiff's employment asserted by Defendants is a mere pretext for the actual reasons for the termination from employment; namely, Plaintiff objecting to, and refusing to participate in, the illegal activities committed by the Defendants.

58. Defendants actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from retaliatory actions when objecting to the illegal activities committed by the Defendants.

59. As a direct and proximate result of Defendants intentional conduct, Plaintiff has suffered economic losses including back pay, front pay, and compensatory damages for a willful violation of the Florida Private Sector Whistleblower Act, Fla. Stat. § 448.102.

60. Pursuant to the Florida Private Sector Whistleblower Act, Fla. Stat. § 448.102 Plaintiff is entitled to costs of this action and reasonable attorney's fees.

WHEREFORE, Plaintiff hereby demands judgment against Defendants, including: (1) reinstatement of Plaintiff to the same, or an equivalent, position held before Defendants retaliatory action against Plaintiff; (2) reinstatement of full fringe benefits and seniority rights to Plaintiff; (3) compensation to Plaintiff for lost wages, benefits, and other remuneration; (4) assessment against Defendants of reasonable costs and attorney's fees of this action; and (4) such further relief as the court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of April 2021.

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff